UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. |
| **MICK DORSEY** | **13-10831** |
| | SECTION A |
| DEBTOR | CHAPTER 13 |
| | |
| **MICK DORSEY** | ADVERSARY NO. |
| | **13-1047** |
| PLAINTIFF | |
| VERSUS | |
| **U.S. DEPARTMENT OF EDUCATION AND** | |
| **UNITED STUDENT AID FUNDS, INC**. | |
| DEFENDANT | |

## REASONS FOR DECISION

This matter is before the Court pursuant to the United States Department of Education's Omnibus and Renewed Motion to Compel Responses to its First Set of Interrogatories and Production Requests, to Compel Execution of Record Releases and for an Independent Medical Examination and/or for Sanctions.[1] A hearing was held in the matter on August 12, 2015. Participating was Glenn Schreiber, counsel for Defendant, the United States Department of Education ("DOE").[2] For the following reasons, the instant motion is **GRANTED IN PART** and **DENIED IN PART**.

---

[1] P-173.

[2] Though notified of the hearing (P-177), Plaintiff, Mick Dorsey ("Dorsey") failed to appear.

## I. Background

On April 1, 2015, the DOE propounded interrogatories and production requests upon Dorsey.[3] Under Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A), Dorsey had thirty (30) days to respond to the DOE's discovery requests. Dorsey failed to timely respond to the discovery requests, the DOE filed a motion to compel,[4] and on June 12, 2015, the Court ordered Dorsey to respond by June 29, 2015.[5] Dorsey did respond by the June 29, 2015 deadline, but the majority of his responses consisted of objections to the DOE's requests. Hence, the instant motion was filed.

## II. Law and Analysis

Dorsey seeks an undue hardship discharge from his student loan debt based upon his alleged mental disability. A debtor seeking an undue hardship exception to the rule against dischargeability of student debt bears the burden of proving the undue hardship exists.[6] To satisfy his burden of proof, the debtor must prove: "(1) that the debtor cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans."[7] If the debtor fails to prove any of the three prongs of the *Brunner* test, the debtor's request for an exception fails, which would preclude even a partial

---

[3] P-123-3.

[4] P-123.

[5] P-145.

[6] *In re Law*, 159 B.R. 287, 292 (Bankr. D. S.D. Oct. 12, 1993).

[7] *Brunner v. New York State Higher Educ. Services Corp.*, 831 F.2d 395, 396 (2nd Cir 1987).

discharge of student loan debt that is otherwise nondischargeable.[8]

The *Brunner* test "must be strictly construed" and "equitable concerns or other extraneous factors not contemplated by the test may not be imported into the analysis."[9] "[T]he *Brunner* standard safeguards the financial integrity of the student loan program by not permitting debtors who have obtained the substantial benefits of an education funded by taxpayer dollars to dismiss their obligation merely because repayment of the borrowed funds would require some major personal and financial sacrifices."[10] The mere fact that an educational loan carries a high interest rate, and may have increased substantially during a period of non-payment, is not independently a ground for dischargeability.[11]

With respect to the first prong of the *Brunner* test, the debtor's ability to maintain a "minimal" standard of living, the bankruptcy court must consider the debtor's total household income, including not only the debtor's income, but also the income of a non-debtor spouse, live-in companion, life partner, or contributing co-habitant.[12] After considering a debtor's basic needs for food, clothing, shelter, and medical treatment, the court "must determine whether the debtor has any additional funds available to make the necessary payments toward his student loans."[13]

The second prong, that additional circumstances exist indicating that the debtor's state of

---

[8] *In re Roach*, 288 B.R. 437, 447-48 (Bankr. E.D. La. Jan. 13, 2003).

[9] *In re Kuznicki*, 483 B.R. 296, 300 (W.D. Pa. Nov. 9, 2012) (quoting *Brightful v. Pa. Higher Educ. Assistance Agency (In re Brightful)*, 267 F.3d 324, 328 (3rd Cir. 2001).

[10] *In re Faish*, 72 F.3d 298, 306 (3rd Cir. 1995).

[11] *In re Barrows*, 182 B.R. 640, 649 (Bankr. D. N.H. Oct. 17, 1994) (citation omitted).

[12] *In re Davis*, 373 B.R. 241, 248 (W.D. N.Y. July 19, 2007).

[13] *In re Jones*, 392 B.R. 116, 127 (Bankr. E.D. Pa. July 22, 2008) (citation omitted).

affairs is likely to persist, is a "demanding requirement" that is not fulfilled with a simple showing that the debtor is "currently in financial straits."[14] Rather, "the debtor must specifically prove a total incapacity in the future to pay his debts for reasons not within his control."[15] The "additional circumstances" contemplated by this prong comprise "circumstances that impacted on the debtor's future earning potential but which were either not present when the debtor applied for the loans or have since been exacerbated."[16]

As for the third prong, whether the debtor has made good faith efforts to repay the loans, a court must examine the debtor's efforts to obtain employment, maximize his income, and minimize his expenses. Factors to consider in determining whether a debtor has satisfied this prong include: 1) his pursuit of administrative remedies; 2) his effort to seek out loan consolidation options; and 3) his payment history.[17]

To satisfy the three prongs of the *Brunner* test, personal information regarding Dorsey's economical and physical health is required. The DOE is entitled to information relative to these broad areas of inquiry.

Dorsey objects to the DOE's discovery requests on the same basis he lodged earlier objections, namely, that discovery was propounded before the two parties conducted a Rule 26(f)(1)

---

[14] *In re Gerhardt*, 348 F.3d 89, 92 (5th Cir. 2003) (quoting *In re Brightful*, 267 F.3d at 328).

[15] *Id*. (internal quotations and citations omitted).

[16] *Id*. (quoting *In re Roach*, 288 B.R. at 445).

[17] *Dorsey v. U.S. Dept. Of Educ.*, 528 B.R. 137, 146-47 (E.D. La. Feb. 26, 2015).

conference.[18] However, as this Court ruled in its Order denying Dorsey's motion to stay discovery,[19] the instant matter constitutes "an action by the United States to collect on a student loan guaranteed by the United States." As such, under the provisions of Rule 26(a)(1)(B)(vii), the matter is exempt from the requirement to conduct a Rule 26(f)(1) conference. Further, as the Court observed, and as established by the documentation presented by the DOE,[20] the DOE attempted to conduct a Rule 26(f)(1) conference, but Dorsey refused to participate.

Dorsey also complains that the DOE has failed to specify what information it is seeking and has failed to show that it cannot, absent discovery, "present facts essential to justify its opposition."[21] A review of the DOE's discovery requests, detailed below, reflects that contrary to Dorsey's claim, the DOE has been specific with respect to the information it is seeking from Dorsey. Further, as shown below, the discovery requests are aimed at attaining information required under the *Brunner* test. Thus, the Court finds Dorsey's objections based upon the alleged lack of specificity and necessity of the discovery requests to be without merit.

As noted earlier, Dorsey failed to timely respond to the DOE's discovery requests. "[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."[22] However, assuming *arguendo* that Dorsey's objections are not waived, they are, for the most part, unfounded.

---

[18] P-190, p. 2.

[19] P-145.

[20] P-144.

[21] P-190, pp. 2-3.

[22] *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989).

Interrogatories one (1) and two (2) request relevant personal information. Interrogatory one (1) requests all names by which Dorsey has been known over the past ten (10) years, his date of birth and driver's licence number. Interrogatory two (2) requests all addresses where Dorsey has lived over the past ten (10) years. Dorsey has provided no viable basis to object to Interrogatories one (1) and two (2) and is ordered to respond within thirty (30) days or no later than September 15, 2015.

With regard to Interrogatories three (3) and four (4), the Court finds that Dorsey has not completely answered the DOE's inquiry. The interrogatories ask Dorsey to identify any dependents and identify every person to whom he has been married. Dorsey has responded that he has no dependents and is not married. Dorsey's response covers his present circumstances but not his past. Dorsey must specify whether he has been married in the past and whether he has ever had dependents. An answer to this request might reveal an individual or individuals who could be or are responsible for Dorsey's support.

Interrogatory five (5) requests a listing of every institution of higher learning (post-high school) which Dorsey attended along with corresponding information on the dates attended, nature of course of study, *etc.* This information is relevant for purposes of ascertaining Dorsey's prospects of attaining employment, therefore, Dorsey's objection is unfounded. Dorsey is ordered to respond to Interrogatory five (5) within thirty (30) days or no later than September 15, 2015.

Interrogatory six (6) seeks information regarding Dorsey's employment history. The DOE is clearly entitled to this information and Dorsey provides no viable basis to support his objection. Dorsey is ordered to respond within thirty (30) days or no later than September 15, 2015.

In Interrogatory seven (7), the DOE requests Dorsey to describe all jobs for which he is currently or in the past five years has been qualified. Dorsey objected based upon his contention that

he is not and has not over the past five years been qualified for a job. The Court finds Dorsey's response to Interrogatory seven (7) conclusory and self serving. Dorsey is ordered to respond to the inquiry by setting forth any specific expertise, qualifications, education or other training he possesses which might be desirable to an employer. Dorsey shall respond within thirty (30) days or no later than September 15, 2015.

Interrogatory eight (8) seeks all factors (*e.g.*, physical, psychiatric, *etc.*) which prevent Dorsey from finding a job. There is no viable basis to object to this inquiry and Dorsey is ordered to respond within thirty (30) days or no later than September 15, 2015.

The Court finds Dorsey's response to Interrogatory 9 acceptable. The request seeks information regarding every vocational, employment or educational counselor who provided Dorsey with counseling and Dorsey replied that he cannot remember receiving such counseling.

Interrogatory ten (10) requests that Dorsey describe all attempts he has made to seek gainful employment in the past five (5) years. In response, Dorsey simply reiterates that he is not a viable candidate for employment. This response does not answer the question as to whether Dorsey has sought employment. Dorsey is ordered to respond to Interrogatory ten (10) within thirty (30) days or no later than September 15, 2015.

Interrogatories eleven (11) and twelve (12) are relevant in that they are seeking information regarding Dorsey's funds. Clearly, to ascertain whether Dorsey is entitled to a hardship discharge, information regarding his funds at hand is necessary. Dorsey is ordered to respond to Interrogatories eleven (11) and twelve (12) within thirty (30) days or no later than September 15, 2015.

Interrogatory thirteen (13) seeks documents relating to any retirement plan in which Dorsey has participated. Dorsey represents he has not participated in any such plan. Dorsey's response is

adequate.

Interrogatories fourteen (14) and fifteen (15) are relevant in that they seek information regarding Dorsey's present living expenses. Dorsey is ordered to respond to these interrogatories within thirty (30) days or no later than September 15, 2015.

In Interrogatory sixteen (16), the DOE requests information on what attempts, in the past five (5) years, Dorsey has made to increase his income. In response, Dorsey states he is unemployable and if he were to increase his income, it would be "due to him working for himself on a very limited, flexible part-time basis." Essentially, Dorsey has responded in the negative, that he has not made any attempt to increase his income. The Court finds Dorsey's response acceptable.

As for Interrogatories seventeen (17), eighteen (18), nineteen (19) and twenty (20), the DOE seeks all facts upon which Dorsey's undue hardship claim is based, the names of all persons having knowledge of the facts upon which Dorsey's claim is based, and the lists of names Dorsey expects to call as fact and expert witnesses. This request is appropriate and Dorsey is ordered to respond within thirty (30) days or no later than September 15, 2015.

In Interrogatories twenty-one (21), twenty-two (22) and twenty-three (23), the DOE seeks the identity of every medical practitioner or institution, including mental heath provider or institution, that has provided Dorsey with care over the past five (5) years and every pharmacy which has provided prescription medication over the past five (5) years. In response, Dorsey states the relevant information is contained in his responses for production of documents. Having viewed Dorsey's prior responses, submitted under seal as Exhibit fourteen (14), the Court finds they do not provide the requested information. Dorsey is ordered to respond to these interrogatories within thirty (30) days or no later than September 15, 2015 or, alternatively, to certify that he has provided

all the records in his possession.

In Interrogatories twenty-four (24) and twenty-five (25), the DOE seeks information regarding the amounts and dates of payments Dorsey has made to satisfy his indebtedness, and the requests he has made for deferment, forbearance or modification of the loans. Dorsey responds that the DOE has access to this information *via* "the Servicer" of Dorsey's loans. While a third party might be a better source for this information, this does not excuse Dorsey from responding to the request. Dorsey is ordered to respond to these interrogatories within thirty (30) days or no later than September 15, 2015.

In Request for Production ("RFP") one (1), the DOE seeks copies of all communications sent "to any present or former employee of the ED during the past five (5) years" concerning Dorsey's student loan or his medical, mental or vocational condition. Dorsey is ordered to produce, within thirty (30) days or no later than September 15, 2015, any responsive documents in his possession.

RFPs two (2), three (3), four (4), five (5), eight (8), nine (9), ten (10), eleven (11), and twelve (12) seek documents regarding Dorsey's assets, *i.e.*, ownership of automobiles, boats, jewelry, art, bank accounts, health insurance contracts, employment records, income tax forms, earning statements. The DOE is entitled to the requested documentation in order to make a judgment regarding whether Dorsey, by virtue of the payment of his student loans, will suffer an undue hardship. Dorsey is ordered to supply the requested documentation within thirty (30) days or no later than September 15, 2015 or, alternatively, execute and return the record release forms so the DOE may obtain the requested documentation.

RFPs six (6), seven (7) and thirteen (13) seek documentation regarding stock accounts, retirement plans, *etc.* Dorsey has responded that he has no such accounts. Dorsey's response is

adequate.

RFPs fourteen (14), fifteen (15), sixteen (16) and twenty-one (21) relate to Dorsey's expenses. They seek documentation regarding expenditures for utilities, food, rent, *etc.,* along with credit card statements and cancelled checks documenting payments made on Dorsey's student loan obligations. Again, to assess whether Dorsey will experience undue hardship if obligated to repay his student loans, documentation regarding his expenses is necessary. Dorsey is ordered to supply the requested documentation within thirty (30 days) or no later than September 15, 2015.

RFPs seventeen (17), eighteen (18), and nineteen (19) concern documentation regarding assets (such as trust agreements, life insurance policies, promissory notes). Dorsey is ordered to submit documentation related to RFPs seventeen (17) and nineteen (19) within thirty (30) days or no later than September 15, 2015. Dorsey has satisfied RFP eighteen (18), advising that he has no life insurance policies.

RFP twenty (20) seeks deeds, bills of sale or other documents associated with any transfers made by Dorsey. Again, pursuant to this request, the DOE seeks to ascertain Dorsey's assets, information to which the DOE is entitled. If documentation of such transfers exists, Dorsey is ordered to produce it within thirty (30 days) or no later than September 15, 2015.

RFP twenty-two (22) has been answered in that Dorsey represents that he has not made any alimony or support payments.

RFP twenty-three (23) seeks all records regarding Dorsey's physical condition. While a review of Exhibit fourteen (14) reflects that Dorsey has provided some records, there is no representation that the records provided comprise all such records. Dorsey shall provide all his medical records regarding his physical condition within thirty (30) days or no later than September

10

15, 2015 or, alternatively, shall execute and return the record release forms so the DOE may obtain the requested documentation.

RFP twenty-four (24) seeks all medical or hospital records describing any psychiatric or psychological examinations. Contrary to Dorsey's representation, he has not supplied any documentation. Dorsey shall supply all medical records related to his mental condition within thirty (30) days or no later than September 15, 2015 or, alternatively, shall execute and return the record release forms so the DOE may obtain the requested documentation.

RFP twenty-five (25) requests all pharmacy records describing medications received over the past five (5) years. Dorsey has produced some pharmacy records. Dorsey, within thirty (30) days or no later than September 15, 2015, is ordered to certify to the DOE that the supplied records are the only ones in his possession or, alternatively, execute and return the record release forms so the DOE may obtain the requested documentation.

RFP twenty-six (26) requests all documents relating to any application made for state or federal benefits. Dorsey has supplied documentation regarding his receipt of social security benefits. Dorsey, within thirty (30) days or no later than September 15, 2015, is ordered to certify to the DOE that he has only applied for social security benefits or, alternatively, execute and return the record release forms so the DOE may obtain the requested documentation.

RFP twenty-seven (27) requests all bills, receipts, invoices or canceled checks evidencing payments made for medical or psychiatric care or medication. Contrary to Dorsey's representation, he has not supplied the requested documentation. Dorsey, within thirty (30) days or no later than September 15, 2015, is ordered to produce any such documents he may have in his possession or certify that he has no such documents.

RFP twenty-eight (28) seeks a complete copy of the administrative record compiled by the Social Security Administration upon which their decision finding him eligible for Social Security Disability payments was made. Dorsey has merely provided a copy of the Administrative Law Judge's decision. Dorsey is ordered, within thirty (30) days or no later than September 15, 2015, to turn over any records he possesses, or execute and return the record release forms so the DOE may obtain the requested documentation. Such documentation is clearly relevant for the purpose of determining Dorsey's capability to join the work force.

RFP twenty-nine (29) seeks copies of correspondence between Dorsey, his agent or representative, and the United States, its agencies or officials. The Court finds this overbroad but will narrow the production required to copies of all correspondence between Dorsey, his agent or representative and the United States involving the administration or payment of the relevant student loans.

RFPs thirty (30), thirty-one (31) and thirty-two (32) have been satisfied. Dorsey represents that he cannot recall making an application for employment, having communication with anyone regarding employment, or developing any resumes or curricula vitae.

RFP thirty-three (33) requests all documents evidencing educational degrees or certificates earned by Dorsey. Such documentation is necessary for the DOE to ascertain Dorsey's ability to work. Dorsey is ordered to produce the requested documents within thirty (30) days or no later than September 15, 2015.

RFP thirty-four (34) seeks documents "evidencing courses taken and/or grades received while pursuing educational degrees or certificates." The Court finds this request is subsumed in the prior ordered response.

RFPs thirty-five (35) and thirty-eight (38) request all other documents that support Dorsey's contention that payment of his student loan would be an undue hardship and all documents associated with his responses to interrogatories. Dorsey responds that he has supplied the relevant information in the documentation he has provided in Exhibit fourteen (14). The Court, having reviewed the provided documentation, finds it relatively limited. The Court cautions that in the absence of further production, Dorsey may be limited, in the presentation of his evidence at trial, to the admittance of only those documents that comprise Exhibit fourteen (14).

RFPs thirty-six (36) and thirty-seven (37) seek copies of all expert reports and all documents Dorsey intends to use at trial. Dorsey has responded that he does not know the identity of the persons he may call as experts and has not compiled the documents he intends to use at trial. While Dorsey's response is adequate, he is obligated, once he does know the experts he may call as witnesses at trial and the documents he may submit at trial, to update his response.

In addition to seeking an Order compelling Dorsey to respond to its discovery requests, the DOE seeks an Order compelling Dorsey to undergo a psychiatric independent medical examination ("IME"). Under Federal Rule of Civil Procedure 35(a)(1), "[t]he court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."

There is no doubt that Dorsey's mental condition is in controversy. Dorsey is asserting he is entitled to a hardship discharge based on a mentally disabling condition. Given that Dorsey has represented that he has not sought counseling and has produced no experts or psychiatric reports on his condition, the Court finds an IME warranted. Dorsey is ordered to submit to an IME within forty-five (45) days or no later than September 30, 2015.

Finally, the DOE seeks sanctions against Dorsey "for failing to comply with an order previously issued by this Court to comply with an order previously issued by this Court to respond to said discovery by June 29, 2015."[23] Dorsey has failed to comply with this Court's earlier Order. His discovery responses were wholly inadequate and consisted of unfounded objections. However, DOE's request for sanctions will be deferred pending Dorsey's responses on or before September 15, 2015 and his co-operation in submitting to the IME. Should Dorsey fail to be fully forthcoming and cooperative, this Court will consider sanctions including, but not limited to, 1) monetary reimbursement for the costs and expenses incurred by the DOE to compel discovery; 2) a negative inference from the failure to provide access to relevant discovery; 3) exclusion against the presentation of evidence which might be subject to challenge or which might be refuted had discovery been provided; and 4) dismissal of this action.

New Orleans, Louisiana, August 13, 2015.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge

---

[23] P-173, p. 1.