UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. |
| **MICK DORSEY** | **13-10831** |
| | SECTION A |
| DEBTOR | CHAPTER 13 |
| | |
| **MICK DORSEY** | ADVERSARY NO. |
| | **13-1047** |
| PLAINTIFF | |
| VERSUS | |
| **U.S. DEPARTMENT OF EDUCATION AND** | |
| **UNITED STUDENT AID FUNDS, INC**. | |
| DEFENDANT | |

## REASONS FOR DECISION

This matter is before the Court pursuant to a Motion for Summary Judgment[1] filed by Plaintiff, Mick Dorsey ("Dorsey").

Summary Judgment is proper when no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law.[2] The movant bears the burden of proving the "absence of genuine issue of material fact."[3] "An issue is material if its resolution could affect the outcome of the action."[4]

---

[1] P-199.

[2] *Hassan v. Lubbock Independent School District*, 55 F.3d 1075, 1079 (5th Cir. 1995); Fed. R. Civ. Proc. 56(c); Bankruptcy Rule 7056(c).

[3] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).

[4] *Weeks Marine, Inc. v. Fireman's Fund Insurance Co.*, 340 F.3d 233, 235 (5th Cir. 2003).

Dorsey first argues that Navient Solutions, Inc. f/k/a SLM Corporation (Sallie Mae) and USA Funds did not file answers; therefore, Dorsey should be granted summary judgment against these parties.[5]

Sallie Mae was not served with a summons and the Complaint.[6] As such, its deadline to file a responsive pleading has not yet begun to run.

Additionally, neither of these parties are the holders of the loans which Dorsey seeks to discharge. Rather, the United States Department of Education ("DOE") and the Educational Credit Management Corporation ("ECMC"), through assignment from Navient and USA Funds, respectively, hold the loans which Dorsey seeks to discharge.[7] As a result, any default against Navient Solutions, Inc. f/k/a SLM Corporation (Sallie Mae) and USA Funds would adversely affect the United States Department of Education and the Educational Credit Management Corporation, both of whom have answered Dorsey's Complaint.[8]

Dorsey also claims that defendants have waived their right to a defense because they did not file a proof of transfer, evidence of a security interest, or proof of claim to protect their rights in the underlying bankruptcy proceeding.[9] Section 501 of Title 11 of the United States Code provides that

---

[5] P-199, pp. 10-11.

[6] P-9.

[7] P-198-7, ¶ 9, ¶10, ¶ 12. P-205-1, ¶ 5, ¶6.

[8] *See In re Grubin*, 476 B.R. 699, 703 n.1 (Bkrtcy. E.D. N.Y. Aug. 7, 2012) (defendants who do not hold any of the loans sought to be discharged "have no real interest to defend." The only defendants with a "financial stake in the outcome of this adversary proceeding" are those which "own all the student loan debt sought to be discharged."

[9] P-199, p. 12.

"[a] creditor . . . *may* file a proof of claim."[10] In a no-asset Chapter 7 case, a creditor need not file a proof of claim if it appears from the bankruptcy schedules that there are not assets from which a dividend could be paid to the creditor.[11] Dorsey's bankruptcy case is a no asset Chapter 7 case.[12] Hence, Dorsey's creditors, DOE and ECMC, are not required to file proofs of claim.

Dorsey seeks summary judgment based upon a ten (10) year statute of limitations allegedly applicable to the collection of student debt.[13] Student loans have no statute of limitations period. 20 U.S.C. § 1091a(a)(1) provides that "[i]t is the purpose of this subsection to ensure that obligations to repay loans and grant overpayments are enforced without regard to any Federal or State statutory, regulatory, or administrative limitation on the period within which debts may be enforced."

In *U.S. v. Lawrence*, 276 F.3d 193, 195 (5th Cir. 2001), Lawrence took issue with the district court's finding that 20 U.S.C. §1091a retroactively eliminated all statute of limitations defenses for the collection of student loans. The Fifth Circuit, however, agreed with the district court, providing: "Although we have never directly addressed this question, several other circuits have held that § 1091a negates any limitations defense. Today we follow those circuits that have decided the issue and conclude that § 1091a eliminates all limitations defenses for collection of student debts." *Id*. at 196.[14]

---

[10] 11 U.S.C. § 501(a) (emphasis provided).

[11] *See* Federal Rule of Bankruptcy Procedure 2002(e); *Matter of Smith*, 21 F.3d 660, 663 (5th Cir. 1994) (in a Chapter 7 no-asset case, a creditor has no obligation to file a proof of claim).

[12] *See* Bankruptcy Docket Sheet, Case No. 13-10831.

[13] P-199, pp. 14-15.

[14] *See also Lovitt v. Texas Guaranteed Student Loan Corp.*, 2005 WL 1552831, *2 (N.D. Tex. June 27, 2005) (most federal courts, including the Fifth Circuit, have interpreted section 1091a as retroactively eliminating all limitations and laches defenses for the collection of student loan debts).

Dorsey also contends that he has been subject to "disability discrimination."[15] In support of his claim, Dorsey alleges that there is a conflict between the definition of disability used by DOE and the Social Security Administration and that an incorrect disability standard has been applied to his attempt to seek a discharge of his student loans. Assuming *arguendo* that Dorsey's allegation is true, Dorsey's claim has no relevance in terms of satisfying the *Brunner* three-prong test. As a result, Dorsey's charge provides no basis to grant his motion for summary judgment.

Dorsey also asserts that since his income is alleged to be below the poverty level and cannot be garnished, defendants have no reason to pursue collection. As a result, he concludes they have no defense to his Complaint as a matter of law.[16] A debtor seeking an undue hardship exception to the rule against dischargeability of student debt bears the burden of proving that undue hardship exists.[17] To satisfy his burden of proof, the debtor must prove: (1) that the debtor cannot maintain, based on current income and expenses, a minimal standard of living for himself and his dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans.[18]

A debtor must satisfy all three (3) prongs of the *Brunner* test. If the debtor fails to prove any of the three prongs of the *Brunner* test, the debtor's request for an exception fails, which would

---

[15] P-199, p. 15.

[16] P-199, pp. 12-13.

[17] *In re Law*, 159 B.R. 287, 292 (Bankr. D. S.D. Oct. 12, 1993).

[18] *Brunner v. New York State Higher Educ. Services Corp.*, 831 F.2d 395, 396 (2nd Cir 1987). Dorsey complains that DOE attempted to garnish his Social Security benefits and that such a reduction of income could cause irreparable harm and hardship. A reduction in income, however, is only one factor to be considered in determining whether a debtor is entitled to a discharge of his student loan debt.

preclude even a partial discharge of student loan debt that is otherwise nondischargeable.[19] By its very nature, the *Brunner* test is a fact intensive analysis of a debtor's particular circumstances.

The *Brunner* test "must be strictly construed" and "equitable concerns or other extraneous factors not contemplated by the test may not be imported into the analysis."[20] "[T]he *Brunner* standard safeguards the financial integrity of the student loan program by not permitting debtors who have obtained the substantial benefits of an education funded by taxpayer dollars to dismiss their obligation merely because repayment of the borrowed funds would require some major personal and financial sacrifices."[21]

With respect to the first prong of the *Brunner* test, the debtor's ability to maintain a "minimal" standard of living, the bankruptcy court must consider the debtor's total household income, including not only the debtor's income, but also the income of a non-debtor spouse, live-in companion, life partner, or contributing co-habitant.[22] After considering a debtor's basic needs for food, clothing, shelter, and medical treatment, the court "must determine whether the debtor has any additional funds available to make the necessary payments toward his student loans."[23]

Dorsey submits that he has satisfied the first prong of the *Brunner* test by virtue of a May 26, 2011 finding by Administrative Law Judge Charlotte N. White that Dorsey was entitled to benefits under Title II of the Social Security Act. Dorsey contends that Judge White provided

---

[19] *In re Roach*, 288 B.R. 437, 447-48 (Bankr. E.D. La. Jan. 13, 2003).

[20] *In re Kuznicki*, 483 B.R. 296, 300 (W.D. Pa. Nov. 9, 2012) (quotation omitted).

[21] *In re Faish*, 72 F.3d 298, 306 (3rd Cir. 1995).

[22] *In re Davis*, 373 B.R. 241, 248 (W.D. N.Y. July 19, 2007).

[23] *In re Jones*, 392 B.R. 116, 127 (Bankr. E.D. Pa. July 22, 2008) (citation omitted).

detailed factual reasons why he is unable to maintain a minimal standard of living.[24]

A review of Judge White's opinion reflects she made no findings regarding Dorsey's total household income and did not review his basic needs for food, clothing, shelter, and medical treatment. This is information which must be ascertained to support a finding that Dorsey has satisfied the first *Brunner* prong.

Defendants point to Dorsey's Schedule I, filed with the Court in his underlying bankruptcy. On Schedule I Dorsey admits to a monthly income of $1,279.00.[25] His Schedule J lists monthly expenses totaling $1,046.00.[26] Thus, Dorsey has $233.00 per month in net income available to pay creditors. This alone creates a disputed material fact as to Dorsey's inability to repay his student loans. In *In re Kuznicki*, 483 B.R. at 301, the Court found that the debtor's net income of approximately $150.00 per month was sufficient for the debtor to pay $50.51 to his student loan creditor. Dorsey has also admitted to living with another person, providing that he was below poverty guidelines "for a family of two."[27] That person's income or contributions to the household expenses has not been disclosed. As such, there remain additional material facts disputing Dorsey's claims.

The second prong, that the debtor's state of affairs is likely to persist, is a "demanding requirement" that is not fulfilled with a simple showing that the debtor is "currently in financial

---

[24] P-199, p. 18.

[25] *See* Case No. 13-10831, P-1, p. 30.

[26] *Id.* at p. 31.

[27] P-1, enumerated statement 13.

6

straits."[28] Rather, "the debtor must specifically prove a total incapacity in the future to pay his debts for reasons not within his control."[29] The "additional circumstances" contemplated by this prong comprise "circumstances that impacted on the debtor's future earning potential but which were either not present when the debtor applied for the loans or have since been exacerbated."[30]

Dorsey seeks an undue hardship discharge from his student loan debt based upon his alleged mental disability. Dorsey contends he has satisfied the second prong based upon Judge White's finding that he is disabled and there are no jobs in significant number that he can perform. However, Judge White specified that her finding of disability was valid only through the date of her decision and only approved disability insurance benefits through December 31, 2012.

In the factually similar case of *Shilling v. Sallie Mae Servicing Corp.*, 333 B.R. 716 (Bankr. W.D. Pa. Nov. 4, 2005), the debtor relied on an administrative law judge's finding of disability to satisfy her burden of showing that her state of affairs was likely to persist. The Court determined that the debtor failed to satisfy her burden of proof, reasoning:

> As for the written decision of the administrative law judge, we find nothing therein indicating that debtor's psychological disorders are permanent or can be expected to persist for a prolonged period. To the contrary, the administrative law judge concluded only that debtor met the disability requirements of the Social Security Act *through September 30, 2007*. We take this to mean that the question of debtor's disability for purposes of the Social Security Act could be revisited at that time to determine if she still is disabled.

*Id.* at 723 (emphasis original).

---

[28] *In re Gerhardt*, 348 F.3d 89, 92 (5th Cir. 2003) (quotation omitted).

[29] *Id*. (footnote and quotation omitted).

[30] *Id*. (quotation omitted).

7

The Court finds that Dorsey has failed to satisfy his burden of proof under the second prong of the *Brunner* test. There is a genuine issue of material fact as to whether Dorsey's state of affairs is likely to persist.

As for the third prong, whether the debtor has made good faith efforts to repay the loans, a court must examine a debtor's efforts to obtain employment, maximize his income, and minimize his expenses. Factors to consider in determining whether a debtor has satisfied this prong include: 1) his pursuit of administrative remedies; 2) his effort to seek out loan consolidation options; and 3) his payment history.[31]

In support of his claim Dorsey represents that he consolidated his loans on or about July 28, 2000, but provides no documentation.[32] Dorsey also alleges that he made seven (7) payments over eighteen (18) years but when those payments were made and in what amounts is not disclosed. Nor does Dorsey establish why this would constitute a good faith effort to repay his debts. Conversely, Dorsey has steadfastly refused to apply for voluntary relief programs offered by DOE and ECMC.

In addition, Dorsey has also refused to supply documentation of his medical condition, release forms to obtain the documentation from third party sources, or submit to a medical examination. Although Dorsey claims a disability, he has not established the exact nature of his disability or medical diagnosis. Dorsey has also failed to provide his work history, details regarding any attempts to find employment, and his work qualifications. DOE has attempted to discover these facts but Dorsey has steadfastly refused to comply or cooperate.[33] Only with the above information

---

[31] *Dorsey v. U.S. Dept. Of Educ.*, 528 B.R. 137, 146-47 (E.D. La. Feb. 26, 2015).

[32] P-199, p. 19.

[33] On April 1, 2015, DOE propounded interrogatories and production requests upon Dorsey. P-123-3 and 123-4. When Dorsey failed to timely respond, DOE moved to compel responses. P-123. On June 12, 2015, the

8

could Dorsey attempt to establish the likelihood that his alleged condition will persist and that his attempts to find gainful employment are sufficient.

Dorsey bears the burden of proof in this case. As of the filing of this Motion, Dorsey simply has not met this burden.

Because of the existence of genuine issues of material fact, Dorsey's Motion for Summary Judgment will be denied. An Order in accord with these reasons will be separately entered.

New Orleans, Louisiana, October 13, 2015.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge

---

Court ordered Dorsey to respond to the discovery by June 29, 2015. P-145. Upon receipt of responses which consisted primarily of objections, the DOE again filed a motion to compel, along with a request that Dorsey undergo a psychiatric independent medical examination ("IME"). P-173. On August 13, 2015, the Court granted DOE's motion in most respects, ordering, *inter alia*, that Dorsey, no later than September 15, 2015, execute release forms to enable DOE to obtain medical documentation from third parties and ordering that Dorsey, no later than September 30, 2015, submit to a medical examination. P-196. Dorsey has failed to comply with the Court's Order, prompting DOE to file a motion for sanctions (p-217) which is set for hearing on November 3, 2015. P-222.