UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. |
| **MICK DORSEY** | **13-10831** |
| | SECTION A |
| DEBTOR | CHAPTER 13 |
| | |
| **MICK DORSEY** | ADVERSARY NO. |
| | **13-1047** |
| PLAINTIFF | |
| VERSUS | |
| **U.S. DEPARTMENT OF EDUCATION AND UNITED STUDENT AID FUNDS, INC**. | |
| DEFENDANT | |

## REASONS FOR DECISION

This matter is before the Court pursuant to a Motion to Recuse Judge Elizabeth W. Magner[1] filed by plaintiff, Mick Dorsey ("Dorsey"). Dorsey asserts that I should recuse myself from the above adversary proceeding for the following reasons: (1) I participated in a seminar sponsored by the American Conference Institute entitled "Consumer Finance Class Actions & Litigation" in which a listed participant is "Sallie Mae Bank";[2] (2) I participated in a seminar, "Escrow Problems on the Proof of Claim and with Post-Petition Payments," in which Heather LaSalle, counsel for defendant Education Credit Management Corporation, also participated;[3] (3) My husband, Michael Magner, previously employed as an Assistant United States Attorney, may be in communication with

---

[1] P-258.

[2] P-258, Exh. A. The seminar is described as one providing "[e]xpert strategies for in-house and outside counsel on navigating class actions, litigation, and government enforcement actions in the consumer finance industry."

[3] P-258, Exh. B.

Assistant United States Attorney Glenn Schreiber, counsel for defendant the United States Department of Education.

**LAW AND ANALYSIS**

Federal Rule of Bankruptcy Procedure 5004(a) provides that disqualification of a bankruptcy judge shall be governed by 28 U.S.C. § 455. Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b) provides that a judge shall also disqualify himself under the following circumstances:

> **(1)** Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> **(2)** Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
> **(3)** Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>
> **(4)** He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
> **(5)** He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
>> **(i)** Is a party to the proceeding, or an officer, director, or trustee of a party;
>> **(ii)** Is acting as a lawyer in the proceeding;
>> **(iii)** Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>> **(iv)** Is to the judge's knowledge likely to be a material witness in the proceeding.

A judge is presumed to be qualified to adjudicate a proceeding.[4] Indeed, a judge has "an affirmative duty . . . not to disqualify himself unnecessarily."[5] A party seeking disqualification bears the heavy burden of proving by clear and convincing evidence that a judge is not qualified.[6] Recusal turns on "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality."[7]

The Fifth Circuit has observed that each disqualification case "is extremely fact intensive and fact bound, and must be judged on its unique facts and circumstances."[8] The facts provided by Dorsey to support the instant motion are scant. Dorsey provides no specifics as to what objectionable topics were addressed in the Consumer Finance Seminar. Nor does he elaborate as to any conflict generated by Sallie Mae Bank's role as a participant in the seminar. As a matter of fact, I participated on a judicial panel which addressed trial techniques and common problems encountered by counsel in practicing before courts. No specific or substantive issues regarding student loans were discussed. A judge's interest or expertise in a given area or her methods of informing herself as to a given area of the law, do not constitute grounds for recusal under 28 U.S.C. § 455(a).[9]

---

[4] *In re Wilborn*, 401 B.R. 848, 860 (Bankr. S.D. Tex. Feb. 17, 2009) (citations omitted).

[5] *Id.* at 861 (quoting *Nat'l Auto Brokers Corp. v. Gen. Motors Corp.*, 572 F.2d 953, 958 (2nd Cir. 1978)).

[6] *Id.* at 860 (citing *Kinnear-Weed Corp. V. Humble Oil & Refining Co.*, 441 F.2d 631, 634 (5th Cir. 1971)).

[7] *In re Moody*, 755 F.3d 891, 894 (11th Cir. 2014) (quotations and citations omitted).

[8] *United States v. Anderson*, 160 F.3d 231, 233 (5th Cir. 1998) (citation omitted).

[9] *United States v. Bonds*, 18 F.3d 1327, 1329 (6th Cir. 1994).

The fact that I participated in a legal seminar in which defense counsel Heather LaSalle participated is also insufficient to justify recusal. It is commonplace for members of the judiciary to participate in seminars alongside members of the bar. The topic of the seminar, "Escrow Problems on the Proof of Claim and with Post-Petition Payments," is completely unrelated to the matter at hand.

Finally, Dorsey asserts that I should disqualify myself because my husband, Michael Magner, a former Assistant United States Attorney, may be in contact with Assistant United States Attorney Glenn Schreiber, counsel for defendant the United States Department of Education. Once again, Dorsey provides no specifics to substantiate his claim, falling far short of satisfying his burden of proof. Further, Attorney Schreiber has attested, as an officer of the Court, that "he does not have nor has he ever had any communications in any form with Michael Magner before or since Mr. Magner left the employ of the United States Attorney's Office, about this or any matter which is or was before Judge Elizabeth Magner."[10]

I conclude that Dorsey's request for my recusal is based upon nothing more than mere speculation. He has failed to satisfy his burden of proof and, therefore, his Motion to Recuse[11] is DENIED.

---

[10] P-259, p. 2.

[11] P-258.

An Order in accord with these Reasons will be separately entered.

New Orleans, Louisiana, November 12, 2015.

                          Hon. Elizabeth W. Magner
                          U.S. Bankruptcy Judge