UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. |
| **MICK DORSEY** | **13-10831** |
| | SECTION A |
| DEBTOR | CHAPTER 13 |
| | |
| **MICK DORSEY** | ADVERSARY NO. **13-1047** |
| PLAINTIFF | |
| VERSUS | |
| **U.S. DEPARTMENT OF EDUCATION AND UNITED STUDENT AID FUNDS, INC**. | |
| DEFENDANT | |

## REASONS FOR DECISION

On July 9, 2013, Plaintiff, Mick Dorsey ("Dorsey"), filed the above-captioned adversary proceeding seeking discharge from certain student loan debt based upon an alleged disability.[1] The Complaint named United Student Aid Funds, Inc. ("USA Funds") and the United States Department of Education ("DOE") as defendants. Subsequently, Educational Credit Management Corporation ("ECMC") intervened in the proceeding alleging it was the holder of notes formerly made and held by USA Funds.[2]

Between August 21, 2013 and October 2015, the Court conducted several pre-trial conferences. The first of these conferences, attended by Dorsey, his counsel, and defense counsel, was for the purpose of discussing the issues presented by the pleadings and to set pre-trial deadlines

---

[1] P-1.

[2] P-5.

for discovery, motion practice, and a trial date. In addition, the Court inquired as to the potential for settlement.

Both ECMC and DOE have voluntary discharge programs. These programs are designed to evaluate the propriety of discharge or reduction in the debts owed to either based on disability, unemployment, under employment, or financial need. As Dorsey had not yet applied to either program for assistance, the parties discussed delaying formal discovery and a trial plan so that Dorsey could apply for voluntary relief.

For approximately seven (7) months after the initial conference, on several occasions Dorsey agreed and then refused to apply to defendants' voluntary discharge programs. He also refused to supply documentation to support his allegations of disability. After it was clear that informal discovery would not be forthcoming, the Court set deadlines for formal discovery.

Defendant, DOE, propounded Interrogatories and Requests for Production upon Dorsey shortly thereafter.[3] After discovery was propounded to Dorsey, he continued to delay production or responses.

First Dorsey attempted to Strike the Answer of DOE alleging that this Court lacked jurisdiction over the matter. While this request was pending, he also requested to stay any discovery. When both of these Motions were denied, Dorsey filed an interlocutory appeal. While his appeal was pending, he filed a second Motion to Stay Discovery.

Faced with a request for production and two (2) denied Motions to Stay, Dorsey filed yet a third Motion to Stay Discovery based on DOE's alleged failure to conduct a discovery conference.

---

[3] P-123-3 and P-123-4.

The Motion was later withdrawn,[4] but Dorsey still refused to respond. As a result, DOE moved to compel responses[5] and on June 12, 2015, the Court ordered Dorsey to respond to all discovery requests by June 29, 2015.[6]

Next, Dorsey submitted discovery responses which consisted primarily of objections.[7] Dorsey's objections were primarily based on relevance and DOE's failure to conduct a Rule 26 conference prior to filing the Motion to Compel. At the hearing on the Motion to Compel, DOE produced emails and affidavits to substantiate its attempts to resolve the discovery dispute through telephone calls, email and a scheduled telephone conference. According to this evidence, Dorsey had refused to participate in any conference. In addition, DOE argued, and this Court agreed, that DOE is not compelled to conduct discovery conferences under the Rules of Procedure.[8]

Dorsey's next filings were styled, Request for Defendant to State with Clarity any Straightforward Evidence that Would Settle or Resolve the Dispute in Question and Request for Defendant to Provide the Plaintiff and Court a Cost-Benefit Analysis.[9] In both pleadings Dorsey complained that DOE was spending considerable funds enforcing Dorsey's obligations to it. Dorsey cited to CFR enactments that encouraged an analysis by DOE of the costs versus benefits prior to

---

[4] P-115, 118, 119, 126, 127.

[5] P-123.

[6] P-145.

[7] P-173-4.

[8] In his Objection to DOE's Motion for Sanctions (p-256), Dorsey again objects based upon DOE's failure to conduct a Rule 26(f) conference. Under the terms of Rule 26(f)(1) of the Federal Rule of Civil Procedure, a conference need not be conducted "in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise . . . ." Rule 26(a)(1)(B)(vii) exempts "an action by the United States to collect on a student loan guaranteed by the United States."

[9] P-149 and 150.

pursuing enforcement of a student loan. Dorsey asked the Court to enforce this guideline against DOE prior to allowing DOE any discovery.

Predictably, DOE responded by pointing out that much of the costs associated with this case were as a result of Dorsey's refusal to participate in a voluntary discharge program, or produce any support for his alleged hardship voluntarily or otherwise. It also argued that without discovery, a cost benefit analysis could not be performed. Finally, DOE asserted that the CFR provisions were not mandatory.

The Court denied Dorsey's request for a cost benefit analysis because the CFR guidelines do not create a private right of action in Dorsey's favor. Additionally, because the guidelines are not mandatory nor is DOE required to forego enforcement even if a cost benefit analysis reveals that the likely costs to enforce are outweighed by any anticipated benefit, nothing prohibited DOE from pursuing this claim.[10]

Following these motions, Dorsey still refused to respond to DOE's requests for discovery. On July 23, 2015, DOE filed an Omnibus and Renewed Motion to Compel Responses to its First Set of Interrogatories and Production Requests, to Compel Execution of Record Releases and for an Independent Medical Examination and/or for Sanctions.[11] This time the Court granted DOE's Motion in most respects, going through each Interrogatory and Request for Production, determining whether the discovery requests were germane to the issues to be presented at trial and whether Dorsey's objections were warranted. The Court ordered that Dorsey respond to the propounded discovery no later than September 15, 2015, provide releases for medical records maintained by

---

[10] P-153, 157.

[11] P-173.

treating physicians or professionals, and submit to a psychiatric independent medical examination no later than September 30, 2015.[12] The Order was designed to 1) garner any relevant documentation supporting Dorsey's alleged medical condition, 2) allow DOE to obtain relevant medical information if Dorsey had insufficient records to support his claims, and 3) provide Dorsey with a means of establishing his alleged disability if he was, to date, undiagnosed. Dorsey has failed to comply with the Court's Order in any respect.[13]

Instead, Dorsey filed a Motion for Summary Judgment alleging that since he is on Social Security Disability, all discovery with regard to his alleged disability, inability to work, assets, expenses and term of disability are irrelevant. Further, based on the Social Security Administration's finding of temporary disability (through 2012) he should be granted summary judgment.[14] Both DOE and ECMC raised genuine issues of material fact in response to this Motion and it was denied.[15]

Still Dorsey failed to respond to discovery. As a result, DOE has filed the instant Motion for Sanctions.[16]

**II. Law and Analysis**

Dorsey's Complaint has been pending for over twenty-eight (28) months. Despite repeated attempts to secure relevant discovery, Dorsey has virtually refused to produce one shred of evidence

---

[12] P-196.

[13] P-217-2 and P-217-3.

[14] P-199.

[15] P-231.

[16] P-217.

to support his alleged disability or hardship. Other than the most cursory of responses, Dorsey has steadfastly maintained that defendants are not owed any documentation or responses detailing his alleged inability to work, medical condition, sources of income or support, living expenses, or assets. He has also refused to address any questions regarding his qualifications for employment, attempts to obtain employment or the likelihood that his alleged disability will persist beyond the term of these notes. In essence, because he says he is disabled and repayment would constitute an undue hardship, he should be granted a discharge.

Sanctions may be imposed if a party does not comply with a court's discovery order. The remedies available are set forth in Federal Rule of Civil Procedure 37(b)(2)(A)(i)(ii)(iii)(iv)(v)(vi)(vii).[17] If a party fails to obey an order to provide or permit discovery, the court where the action is pending may issue further just orders including the following:

   (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

   (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

   (iii) striking pleadings in whole or in part;

   (iv) staying further proceedings until the order is obeyed;

   (v) dismissing the action or proceeding in whole or in part;

   (vi) rendering a default judgment against the disobedient party;

   (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

---

[17] Rule 37 is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7037.

6

Under Rule 37(b)(2)(B), if a party fails to appear for an examination, the court may issue any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Rule 37(b)(2)(C) provides that instead of or in addition to the orders the court may issue under (i)-(vii), the court must order the disobedient party "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Dorsey seeks an undue hardship discharge from his student loan debt based upon an alleged mental disability. To satisfy his burden of proof, Dorsey must establish: (1) that he cannot maintain, based on current income and expenses, a minimal standard of living for himself and his dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that he has made good faith efforts to repay the loans.[18]

To satisfy the above three-prong test, personal information regarding Dorsey's economical and physical health is required. The DOE is entitled to information relative to these broad areas of inquiry and their discovery requests were aimed at obtaining this information. DOE requests that Dorsey's complaint be dismissed as a sanction for his total lack of cooperation despite multiple opportunities. Because dismissal is a harsh remedy and Dorsey is *pro se*, the Court will allow Dorsey one last opportunity to comply with DOE's discovery requests.

Interrogatories one (1), two (2), three (3) and four (4), seek Dorsey's date of birth, names by which he has been known over the past ten (10) years, addresses over a ten (10) year period, marital

---

[18] *Brunner v. New York State Higher Educ. Services Corp.*, 831 F.2d 395, 396 (2nd Cir 1987).

7

status and whether or not he has any dependants.[19] This information is relevant to the issues presented because it may determine 1) Dorsey's remaining work life; 2) any names under which he worked, was educated, or received income; and 3) sources of support or demands on him to support. It is readily available and requires no cost to provide. As a consequence of Dorsey's failure to fully respond, a negative inference will be attributed to Dorsey should this information prove relevant to either support his claim or support a defense by DOE to it **unless Dorsey supplies the information requested no later than November 20, 2015.**

Interrogatories five (5), six (6), seven (7) and ten (10) seek information regarding Dorsey's employability. Interrogatory five (5) inquires about Dorsey's post-high school degrees and six (6), seven (7) and ten (10) seek information regarding employment, in particular, Dorsey's efforts to find employment. As a result of Dorsey's failure to respond, he shall be precluded at trial from offering evidence regarding his employability or lack thereof **unless Dorsey supplies the information requested no later than November 20, 2015.**

Interrogatory eight (8) seeks information regarding Dorsey's alleged physical and psychiatric conditions. This information is at the crux of Dorsey's contention medical problems preclude him from working. As a result of his failure to respond to this inquiry, Dorsey will be barred from offering evidence regarding alleged medical problems which preclude him from attaining employment **unless Dorsey supplies the information requested no later than November 20, 2015.**

.

---

[19] With respect to DOE's inquiry regarding Dorsey's marital status and the existence of dependents, Dorsey informed only with respect to his present circumstances.

Interrogatories eleven (11) and twelve (12) seek information regarding Dorsey's revenues or sources of funds and Interrogatories fourteen (14) and fifteen (15) seek information regarding Dorsey's expenses. To ascertain whether Dorsey is entitled to a hardship discharge, information regarding Dorsey's revenues, sources of funds, and expenses is necessary. Based upon his failure to respond, Dorsey will be precluded from offering any evidence regarding either his revenues, sources of funding or expenses **unless Dorsey supplies the information requested no later than November 20, 2015.**

In Interrogatories seventeen (17), eighteen (18), nineteen (19) and twenty (20), DOE seeks all facts upon which Dorsey's undue hardship claim is based, the names of all persons having knowledge of the facts upon which Dorsey's claim is based, and a list of names Dorsey expects to call as fact and expert witnesses. Due to Dorsey's failure to respond, Dorsey will be precluded from offering any testimony with respect to the basis of his undue hardship claim **unless Dorsey supplies the information requested no later than November 20, 2015.**

In Interrogatories twenty-one (21), twenty-two (22) and twenty-three (23), DOE seeks the identity of every medical practitioner or institution that has provided Dorsey with care over the past five (5) years and every pharmacy which has provided Dorsey prescription medication over the past five (5) years. In response, Dorsey alleges that the requested information is contained in the documents he provided to DOE under seal.[20] Accordingly, Dorsey's ability to introduce evidence regarding the medical care and pharmaceuticals he has received over the past five (5) years will be limited to the information provided under seal **unless Dorsey supplies the information requested no later than November 20, 2015.**

---

[20] P-181.

In Interrogatories twenty-four (24) and twenty-five (25), DOE seeks information regarding the amounts and dates of payments Dorsey has made to satisfy his student loans and any requests for forbearance or modification. Given Dorsey's failure to supply the requested information, he will be precluded from offering evidence on this issue at trial **unless Dorsey supplies the information requested no later than November 20, 2015.**

In Request for Production ("RFP") one (1), DOE seeks copies of all communications sent to DOE during the past five (5) years concerning his student loans or his medical, mental or vocational condition. As Dorsey has failed to comply, Dorsey shall be precluded from offering into evidence any communications with DOE **unless Dorsey supplies the information requested no later than November 20, 2015.**

RFPs two (2), three (3), four (4), five (5), eight (8), nine (9), ten (10), eleven (11), twelve (12), seventeen (17), nineteen (19) and twenty (20) seek documents regarding Dorsey's assets, *e.g.,* ownership of automobiles, boats, jewelry, art, bank accounts, health insurance contracts, employment records, income tax forms, earning statements, trust agreements, promissory notes, deeds, bills of sale. DOE is entitled to the requested documentation in order to make a judgment regarding whether Dorsey, by virtue of the payment of his student loans, will suffer an undue hardship. Dorsey has neither supplied the documentation nor executed release forms so DOE may obtain the requested documentation. Accordingly, Dorsey will be precluded from offering any evidence at trial regarding his assets and a negative inference will be accorded on the issue **unless Dorsey supplies the information requested no later than November 20, 2015.**

RFPs fourteen (14), fifteen (15), sixteen (16) and twenty-one (21) relate to Dorsey's expenses. They seek documentation regarding expenditures for utilities, food, rent, *etc.,* along with

credit card statements and cancelled checks documenting payments made on Dorsey's student loan obligations. Again, to assess whether Dorsey will experience undue hardship if obligated to repay his student loans, documentation regarding his expenses is necessary. Dorsey failed to submit any evidence regarding his expenses; therefore, he is precluded from offering such evidence at trial and a negative inference will be accorded on the issue **unless Dorsey supplies the information requested no later than November 20, 2015.**

RFPs twenty-three (23), twenty-four (24) and twenty-five (25) seek Dorsey's medical and pharmaceutical records. Dorsey has provided limited medical and pharmaceutical records under seal.[21] Accordingly, at trial Dorsey shall be limited to the presentation of those documents in satisfying his burden of proof **unless Dorsey supplies the information requested no later than November 20, 2015.**

RFP twenty-six (26) requests all documents relating to any application made for state or federal benefits. Dorsey has supplied documentation regarding his receipt of Social Security Disability benefits. As such, Dorsey shall be limited at trial to presenting evidence regarding his receipt of Social Security Disability **unless Dorsey supplies the information requested no later than November 20, 2015.**

In RFP twenty-seven (27), DOE requests all bills, receipts, invoices or canceled checks evidencing payments for medical care or medication. Dorsey has failed to produce the requested documentation. Accordingly, Dorsey will be precluded from offering such evidence at trial **unless Dorsey supplies the information requested no later than November 20, 2015.**

---

[21] P-181.

RFP twenty-eight (28) seeks a complete copy of the administrative record compiled by the Social Security Administration upon which its decision finding Dorsey eligible for Social Security Disability payments was made. In response, Dorsey submitted the documentation presented under seal.[22] As such, Dorsey is precluded from introducing any other evidence relied upon by the Social Security Administration **unless Dorsey supplies the information requested no later than November 20, 2015.**

With respect to RFP twenty-nine (29), Dorsey was ordered to produce copies of all correspondence between himself, his agent or representative and the United States involving the administration or payment of his student loans. As Dorsey has failed to comply with the Court's Order, he is precluded from offering into evidence the above-described correspondence **unless Dorsey supplies the information requested no later than November 20, 2015.**

RFP thirty-three (33) requests all documents evidencing educational degrees or certificates which Dorsey has earned. Dorsey has refused to produce the requested documents; therefore, he will be unable to introduce any such documents at trial and a negative inference will be accorded on the issue **unless Dorsey supplies the information requested no later than November 20, 2015.**

RFPs thirty-five (35) and thirty-eight (38) request all other documents that support Dorsey's contention that payment of his student loans would be an undue hardship and all documents associated with his responses to Interrogatories. Dorsey responded that he has supplied the relevant information in the documentation he provided under seal. Accordingly, Dorsey, in proving that the payment of his student loans would be an undue hardship, shall be limited to the introduction of the evidence provided under seal **unless Dorsey supplies the information requested no later than**

---

[22] P-181.

**November 20, 2015.**[23]

Finally, in violation of this Court's Order, Dorsey has refused to submit to an independent medical examination. Accordingly, Dorsey shall be precluded from offering any expert medical evidence with respect to any condition which allegedly precludes him from seeking gainful employment **unless Dorsey supplies the information requested no later than November 20, 2015.**

As noted earlier, under Rule 37(b)(2)(C), a court, in connection with a party who refuses to comply with a court's discovery order, is obliged to award reasonable fees associated with the party's non-compliance. A court, however, may decline to impose fees where such an award is unjust.

With the exception of the documents provided under seal, Dorsey is precluded from presenting evidence supporting his claim that he would suffer undue hardship if he is not discharged from his student loan debt. The Court's determination in this regard is a sufficient penalty for Dorsey's refusal to comply with the Court's Discovery Order.[24] The Court declines to impose any additional sanctions.

A separate Order will be rendered in accord with these Reasons for Decision.

New Orleans, Louisiana, November 12, 2015.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge

---

[23] P-181.

[24] P-196.