UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. |
| **MICK DORSEY** | **13-10831** |
| | SECTION A |
| DEBTOR | CHAPTER 7 |
| | |
| **MICK DORSEY** | ADVERSARY NO. |
| | **13-1047** |
| PLAINTIFF | |
| VERSUS | |
| **U.S. DEPARTMENT OF EDUCATION AND** | |
| **UNITED STUDENT AID FUNDS, INC**. | |
| DEFENDANT | |

## REASONS FOR DECISION

This matter came before the Court pursuant to Motions to Dismiss filed on behalf of United Student Aid Funds, Inc. ("USA Funds"), the Student Loan Marketing Association, now known as Navient Solutions, Inc.("Sallie Mae"), the United States Department of Justice ("DOJ") and the United States Attorney Kenneth Allen Polite, Jr. ("United States Attorney").[1] Because the Court was required to look beyond the pleadings to resolve the issues presented, the Motions to Dismiss were converted to motions for summary judgment.[2]

The Court also has before it Motions for Default filed by the Plaintiff, Mick Dorsey ("Dorsey") against Sallie Mae and USA Funds.[3] Each Motion alleges that because Sallie Mae and

---

[1] P-240, P-242 and P-244.

[2] *See* Federal Rule of Civil Procedure 12(d); P-246 and P-248.

[3] P-120 and P-167.

USA Funds have failed to answer Dorsey's Complaint after proper service and the expiration of legal delays, Dorsey is entitled to a default judgment.

Summary Judgment is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.[4] The movants bear the burden of proving the absence of a genuine issue of material fact.[5] "An issue is material if its resolution could affect the outcome of the action."[6]

A judgment by default is appropriate when a party properly served with process has failed to plead or otherwise defend.[7] Even if a party has been properly served, a moving party "is not entitled to a default judgment as a matter of right . . . ."[8] A default judgment is considered "a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."[9]

## I. UNDISPUTED FACTS

On July 9, 2013, Dorsey filed an Adversary Complaint seeking a discharge of student loan debt more particularly described below.[10]

---

[4] *Hassan v. Lubbock Independent School District*, 55 F.3d 1075, 1079 (5th Cir. 1995); Fed. R. Civ. Proc. 56(c); Bankruptcy Rule 7056(c).

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).

[6] *Weeks Marine, Inc. v. Fireman's Fund Insurance Co.*, 340 F.3d 233, 235 (5th Cir. 2003).

[7] Federal Rule of Civil Procedure 55(a); *Price v. King*, 2009 WL 2368283, *1 (S.D. Miss. July 30, 2009) (entry of default not appropriate as process was not properly served).

[8] *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quotation omitted).

[9] *Id.* (quotation omitted).

[10] Adversary Proceeding 13-1047, P-1.

Dorsey's Adversary Complaint named the United States Department of Education ("DOE") and USA Funds as defendants.[11]

USA Funds and DOE were served with summonses and the Adversary Complaint.[12]

DOE is the holder of notes executed by Dorsey,[13] more particularly described as:

1. A Stafford Subsidized Federal Family Education Loan with a loan date of September 28, 2009, in the original principal amount of $8,500.00 bearing interest at the rate of 6.80% per annum ("Loan 1");[14]

2. A Stafford Unsubsidized Federal Family Education Loan with a loan date of March 30, 2009, in the original principal amount of $12,000.00 bearing interest at the rate of 6.80% per annum ("Loan 2");[15]

3. A Stafford Subsidized Federal Family Education Loan with a loan date of May 19, 2008, in the original principal amount of $8,500.00 bearing interest at the rate of 6.80% per annum ("Loan 5");[16]

4. A Stafford Unsubsidized Federal Family Education Loan with a loan date of April 28, 2008, in the original principal amount of $12,000.00 bearing interest at the rate of 6.80% per annum ("Loan 6");[17]

5. A Stafford Unsubsidized Federal Family Education Loan with a loan date of November 2, 2007, in the original principal amount of $3,395.00 bearing interest at the rate of 6.80% per annum ("Loan 7");[18] and

---

[11] P-1.

[12] P-9 and P-46. Summonses were issued with respect to Sallie Mae (P-3), DOJ (P-22), and the United States Attorney (P-23). These parties were not served.

[13] P-198-7, ¶ 12.

[14] P-198-7, ¶ 11; P-198-8, p. 2.

[15] P-198-7, ¶ 11; P-198-8, p. 2.

[16] P-198-7, ¶ 11; P-198-8, p. 2.

[17] P-198-7, ¶ 11; P-198-8, p. 2.

[18] P-198-7, ¶ 11; P-198-8, p. 2.

6. A Stafford Subsidized Federal Family Education Loan with a loan date of November 2, 2007, in the original principal amount of $8,500.00 bearing interest at the rate of 6.80% per annum ("Loan 8"). [19]

Educational Credit Management Corporation ("ECMC") is the holder of notes executed by Dorsey,[20] more particularly described as:

1. A Consolidated Federal Family Education Loan with a loan date of July 28, 2000, in the original principal amount of $26,408.00 bearing interest at the rate of 7.62% per annum ("Loan 9");[21] and

2. A Consolidated Federal Family Education Loan with a loan date of July 28, 2000, in the original principal amount of $37,690.00 bearing interest rate of 7.62% per annum.[22]

Dorsey seeks to discharge the obligations represented by Loans 1, 2, 5, 6, 7, 8, 9 and 10.[23]

USA Funds, Sallie Mae, DOJ, and the United States Attorney do not hold any of the Notes at issue.[24]

USA Funds was the original holder of Notes 9 and 10 but by assignment dated August 13, 2013, transferred all of its right, title and interest in Notes 9 and 10 to ECMC.[25]

---

[19] P-198-7, ¶ 11; P-198-8, p. 2.

[20] P-198-7, ¶ 9 and ¶ 10. P-205-1, ¶ 4 and ¶ 5. Though not named in Dorsey's Complaint as a defendant and not properly served, ECMC filed an answer to Dorsey's adversary proceeding on August 2, 2013 (P-5), thereby waiving any objection with respect to service of process.

[21] P-198-8, p. 2; P-198-9, p. 1.

[22] P-198-8, p. 3; P-198-9, p. 4.

[23] Dorsey did not receive a disbursement of funds with respect to Loans 3 and 4. P-198-7, ¶ 8.

[24] P-198-7, ¶ 9, ¶ 10, and ¶ 12; P-198-9, pp. 2, 3, 5 and 6; P-198-10, pp. 2, 4, 7, 9, 11 and 13. P-205-1, ¶ 3, ¶ 4 and ¶ 5; P-205-2.

[25] P-198-9, pp. 2 and 5; P-205-2.

Sallie Mae was the holder of Notes 1 and 2 but by assignment dated October 12, 2010, transferred all of its rights, title and interest in Notes 1 and 2 to DOE.[26]

Sallie Mae was the holder of Notes 5 and 6 but by assignment dated October 13, 2009, transferred all of its rights, title and interest in Notes 5 and 6 to DOE.[27]

A third entity, not named as a defendant in this proceeding, was the holder of Notes 7 and 8 but by assignment dated January 12, 2009, transferred all of its rights, title and interest in Notes 7 and 8 to DOE.[28]

**LAW AND ANALYSIS**

To be a proper party defendant, one must have a pecuniary or equitable interest in the outcome of a case.[29] USA Funds, Sallie Mae, DOJ, and the United States Attorney do not hold any of the notes Dorsey is attempting to discharge. Nor do they have any personal interest in the outcome of these proceedings. The only parties whose interests will be adversely affected should the Court order the discharge of Dorsey's obligations are the holders of his notes, DOE and ECMC.[30]

Federal Rule of Civil Procedure 21 applies in adversary proceedings through the application

---

[26] P-198-10, pp. 2 and 4.

[27] P-198-10, pp. 7 and 9.

[28] P-198-10, pp. 11 and 13.

[29] *In re Testaverde*, 317 B.R. 51, 54 (E.D. N.Y. Nov. 17, 2004) (a party with a stake or interest in a proceeding is one whose pecuniary interest is directly affected.)

[30] *In re Grubin*, 476 B.R. 699, 703 n.1 (Bkrtcy. E.D. N.Y. Aug. 7, 2012) (defendants who do not hold any of the loans sought to be discharged "have no real interest to defend." The only defendants with a "financial stake in the outcome of this adversary proceeding" are those which "own all the student loan debt sought to be discharged."

of Federal Rule of Bankruptcy Procedure 7021.[31] Federal Rule of Civil Procedure 21 grants the Court the authority, on a party's motion or *sua sponte*, to dismiss a party on "just terms."[32]

Although named as a party and served, USA Funds has no interest with respect to the issues presented by Dorsey's Complaint. While USA Funds originally held some of the notes at issue, by virtue of its assignment to ECMC it no longer retains any interest.[33]

Sallie Mae, DOJ and the United States Attorney were never named as defendants. Nevertheless, summonses were issued to them in their individual capacities. The summonses issued to the United States Attorney and DOJ should have been issued to them as the representative of DOE rather than to the United States Attorney and DOJ in their individual capacities.

No summons was issued to Sallie Mae nor was it named as a defendant. However, Sallie Mae was improperly included in the summons issued to USA Funds. Sallie Mae was the holder of Notes 1, 2, 5 and 6 but pursuant to a purchase agreement, transferred its interest in the Notes to DOE. As a result, it has no interest in the outcome of this litigation.[34]

Even assuming, *arguendo*, that each of these parties was properly served and named as a defendant, they too would be entitled to summary judgment as they lack any individual interest in the outcome of the instant adversary proceeding.

Because there exists no genuine issue of material fact with respect to whether or not USA Funds, Sallie Mae, DOJ and the United States Attorney are the holders of any of the Notes at issue,

---

[31] *In re Shank*, 2008 WL 3166492, *2 n.5 (Bkrtcy. E.D. Va. Aug. 5, 2008).

[32] *Id*.

[33] P-205-1, ¶ 4; P-205-2.

[34] P-198-10, pp. 2, 4, 7 and 9; P-198-7, ¶ 12.

these parties are entitled to summary judgment, in effect dismissing them from these proceedings.[35]

As a result of the Court's ruling granting the Motions to Dismiss,[36] Dorsey's Motions for Default Judgment against USA Funds and Sallie Mae[37] are denied as moot.[38]

An Order in accord with these Reasons will be separately entered.

New Orleans, Louisiana, November 17, 2015.

                                              Hon. Elizabeth W. Magner
                                              U.S. Bankruptcy Judge

---

[35] *In re Shank*, 2008 WL 3166492, *2 n.5 (because DOE did not hold any of the Debtor's loans, it had no interest in the matter and it was just and efficient to dismiss the DOE from the adversary proceeding); *In re Lepre*, 466 B.R. 727, 730 n.6 (Bkrtcy. W.D. Pa. Mar. 13, 2012) (court dismissed Sallie Mae as a party defendant based upon the undisputed fact that Sallie Mae was not a creditor of the Debtor); *In re Aalabdulrasul*, 2012 WL 1597277, *1-2 (Bkrtcy. N.D. Iowa May 7, 2012) (American Education Services ("AES"), was not the holder of any of the Debtor's student loans; therefore, dismissal was appropriate as AES was not owed a debt by the Debtor).

[36] P-240, P-242 and P-244.

[37] P-120 and P-167.

[38] *In re Lepre* 466 B.R. at n.6 (Debtor's Motion for Default Judgment and Request for Entry of Default against Sallie Mae were resolved by virtue of the Court's dismissal of Sallie Mae as a party defendant).