UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                                                    CASE NO.

**MICK DORSEY**                                                                **13-10831**
                                                                                               SECTION A
DEBTOR                                                                            CHAPTER 7


**MICK DORSEY**                                                                ADVERSARY NO.
                                                                                               **13-1047**
PLAINTIFF

VERSUS

**U.S. DEPARTMENT OF EDUCATION AND
UNITED STUDENT AID FUNDS, INC**.

## REASONS FOR DECISION

This matter came before the Court pursuant to a Request for Sanctions filed by Plaintiff, Mick Dorsey ("Dorsey") against Defendant, the Educational Credit Management Corporation ("ECMC").[1] The basis of Dorsey's request for sanctions is the failure of ECMC to redact personal information from a court pleading in violation of Federal Rule of Bankruptcy Procedure 9037. Dorsey further complains that ECMC has violated Federal Rule of Bankruptcy Procedure 9011(b)(1), asserting that ECMC has caused unnecessary delay and has increased the cost of litigation, causing him to feel prejudiced and harassed.

### I. FEDERAL RULE OF BANKRUPTCY PROCEDURE 9037

Rule 9037 provides:

**(a) REDACTED FILINGS**. Unless the court orders otherwise, in an electronic or paper filing made with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual, other than

---

[1] P-226 and P-250. Pleading 250 is entitled, "Further Explanation and Reasons Why Sanctions Against ECMC Are Appropriate."

the debtor, known to be and identified as a minor, or a financial-account number, a party or nonparty making the filing may include only:

(1) the last four digits of the social-security number and taxpayer-identification number;
(2) the year of the individual's birth;
(3) the minor's initials; and
(4) the last four digits of the financial-account number.

. . . .

**(d) PROTECTIVE ORDERS**. For cause, the court may by order in a case under the Code:

(1) require redaction of additional information; or
(2) limit or prohibit a nonparty's remote electronic access to a document filed with the court....

Dorsey complains that ECMC violated Rule 9037 by virtue of its filing of pleading 214-2, "Loan Consolidation Application and Promissory Note." In this pleading, personal information, the month and date of Dorsey's birth and his financial account number, was not redacted.[2] Thus, ECMC ran afoul of Rule 9037.

In *In re Carter*, 411 B.R. 730 (Bankr. M.D. Fla. Apr. 6, 2009), the plaintiff sought sanctions against defendant due to defendant's failure to redact plaintiff's personal information in its proof of claim. The court rejected the notion of sanctions given that Rule 9037(d) provides the remedy available in connection with a violation of Rule 9037(a). The court reasoned:

Pursuant to subdivision (d), the relief provided in Rule 9037 is in the form of either redacting the debtor's personal information or limiting electronic access to the document at issue. *See French v. American General Financial Services (In re French),* 401 B.R. 295, 307–08 (Bankr. E.D. Tenn. 2009) ("Rule 9037 offers a remedy in the form of requesting a court order requiring redaction of the offending information or limiting or prohibiting remote electronic access to documents by non-parties."). There is nothing contained in . . . the rule . . . that indicates an award of sanctions or damages would be an appropriate remedy. *See Id.* ("Rule 9037 does not, on the other hand, provide a private right of action for the relief sought by the

---

[2] Dorsey's social security number was also not redacted but a review of the pleading reflects that the number is illegible. Dorsey also complains that his driver's licence number was not redacted. However, ECMC, under Rule 9037, was under no obligation to redact Dorsey's driver's license number.

2

> Plaintiff to cancel the debt owed to the Defendant and/or assess sanctions against the Defendant for attaching documentation to the Proof of Claim containing the Plaintiff's full social security number and birth date.").

*Carter*, 411 B.R. at 737.

In the instant matter, ECMC has already provided a form of relief specified in Rule 9037(d), having filed a motion to redact[3] which this Court promptly granted.[4] Thus, any Rule 9037 violation that occurred in this case was remedied when ECMC accomplished the redaction of Dorsey's personal information. Further, Dorsey has provided no evidence that he has been prejudiced by the fact that the month and date of his birth and his student loan account number were briefly revealed.

## II. FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011(b)(1)

> Rule 9011(b)(1) provides:
>
> **(b) Representations to the Court**. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>
>> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

A court is empowered, via the provisions of Rule 9011(c), to sanction a party found to be in violation of 9011(b). Rule 9011(c) provides:

> **(c) Sanctions**. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may . . . impose an appropriate sanction upon the attorneys, law firms, parties that have violated

---

[3] P-227.

[4] P-228.

subdivision (b) or are responsible for the violation.[5]

The burden of proof is on the moving party to prove that Bankruptcy Rule 9011 sanctions are appropriate.[6] Dorsey has failed to satisfy his burden of proof, providing no evidence of a Rule 9011(b)(1) violation on the part of ECMC. Dorsey points to no pleading filed on behalf of ECMC which could be characterized as having been filed to harass, cause unnecessary delay or increase the cost of litigation. Quite the opposite is true. ECMC's pleadings, for the most part, have been filed in response to the numerous motions filed by Dorsey, in particular, Dorsey's motion for summary judgment and Dorsey's motions for default judgment. In fact, if any party can be found to have abused the process or caused unnecessary delay, it is Dorsey. Dorsey has filed a multitude of pleadings[7] and has thwarted efforts to move this matter forward by failing to respond to discovery requests.

Based upon the above, the Court finds Dorsey's Request for Sanctions against ECMC to be without merit.

---

[5] In connection with his claim that ECMC has violated Rule 9011(b)(1), Dorsey makes reference to 11 U.S.C. § 105(a). P-226, p. 4. § 105(a) imparts upon a court broad powers to ensure a party does not run afoul of court orders or rules or abuse the process.

[6] *In re Weaver*, 307 B.R. 834, 841 (Bankr. S.D. Miss. Mar. 19, 2002) (citing *In re Cedar Falls Hotel Props. Ltd.*, 102 B.R. 1009, 1014-15 (Bankr. N.D. Iowa June 8, 1989)).

[7] *See* Pleading 90, Objection and Motion to Strike Answer and Re-Enforce Existing Stay (Denied); Pleading 94, Objection to United States Department of Education's Motion for Extension of Time to File Response to Objection and Motion to Strike Answer (Denied); Pleading 100, Motion to Extend Time to Seek Counsel to Petition for Panel Rehearing filed with the District Court (Denied); Pleading 104, Reply to Recent Orders pursuant to which Dorsey sought a new trial (Denied); Pleading 119, Motion to Stay Discovery (Denied); Pleading 141, Motion to Amend Complaint (Denied); Pleading 149, Motion for Defendant to State with Clarity any Straightforward Evidence that Would Settle or Resolve the Dispute in Question (Denied); Pleading 150, Request for Defendant to Provide the Plaintiff and Court a Cost-Benefit Analysis (Denied); Pleading 152, Motion for Reconsideration of Order Denying Motion to Stay Discovery (Denied); Pleading 163, Motion to Reconsider Order Denying Motion for Cost-Benefit Analysis (Denied); Pleadings 120 and 167, Motions for Default Judgment (Denied); Pleading 184, Motion to Stay Pending Appeal (Denied); Pleading 190, Motion to Reconsider Motion to Stay Pending Appeal (Denied); Pleading 199, Motion for Summary Judgment (Denied); Pleading 252, Motion for Court to Render a Written Decision (Denied); Pleading 258, Motion to Recuse (Denied).

An Order in accord with these Reasons will be separately entered.

New Orleans, Louisiana, December 1, 2015.

                                                  Hon. Elizabeth W. Magner
                                                  U.S. Bankruptcy Judge