UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:     CASE NO.

**MICK DORSEY**     **13-10831**
    SECTION A
DEBTOR     CHAPTER 7

**MICK DORSEY**     ADVERSARY NO.
    **13-1047**
PLAINTIFF

VERSUS

**U.S. DEPARTMENT OF EDUCATION AND
UNITED STUDENT AID FUNDS, INC**.

DEFENDANT

## **OPINION**

A trial was set in this matter for December 10, 2015. Appearances were made by:

Glenn K. Schreiber, counsel for the United States Department of Education ("DOE")
Heather LaSalle Alexis, counsel for Educational Credit Management Corporation ("ECMC")[1]

In his adversary complaint,[2] Dorsey seeks a hardship discharge of his student loan debt. Dorsey alleges that in connection with his education, he borrowed over $100,000.00. He further alleges that as a result of a mental disability, he is unable to attain gainful employment. Thus, Dorsey asserts that he cannot repay his debt.

---

[1] Plaintiff, Mick Dorsey ("Dorsey") was notified of the time and date of the trial (P-239) but failed to appear.

[2] P-1.

A debtor seeking an undue hardship exception to the rule against dischargeability of student debt bears the burden of proving that undue hardship exists.[3] To satisfy his burden of proof, the debtor must prove: (1) that the debtor cannot maintain, based on current income and expenses, a minimal standard of living for himself and his dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans.[4]

A debtor must satisfy all three (3) prongs of the *Brunner* test. If the debtor fails to prove any of the three prongs of the *Brunner* test, the debtor's request for an exception fails, which would preclude even a partial discharge of student loan debt that is otherwise nondischargeable.[5] By its very nature, the *Brunner* test is a fact intensive analysis of a debtor's particular circumstances.

The *Brunner* test "must be strictly construed" and "equitable concerns or other extraneous factors not contemplated by the test may not be imported into the analysis."[6] "[T]he *Brunner* standard safeguards the financial integrity of the student loan program by not permitting debtors who have obtained the substantial benefits of an education funded by taxpayer dollars to dismiss their obligation merely because repayment of the borrowed funds would require some major personal and financial sacrifices."[7]

---

[3] *In re Law*, 159 B.R. 287, 292 (Bankr. D. S.D. Oct. 12, 1993).

[4] *Brunner v. New York State Higher Educ. Services Corp.*, 831 F.2d 395, 396 (2nd Cir 1987); *U.S. Dept. of Education v. Gerhardt*, 348 F.3d 89, 91 (5th Cir. 2003).

[5] *In re Roach*, 288 B.R. 437, 447-48 (Bankr. E.D. La. Jan. 13, 2003).

[6] *In re Kuznicki*, 483 B.R. 296, 300 (W.D. Pa. Nov. 9, 2012) (quotation omitted).

[7] *In re Faish*, 72 F.3d 298, 306 (3rd Cir. 1995).

With respect to the first prong of the *Brunner* test, the debtor's ability to maintain a "minimal" standard of living, the bankruptcy court must consider the debtor's total household income, including not only the debtor's income, but also the income of a non-debtor spouse, live-in companion, life partner, or contributing co-habitant.[8] After considering a debtor's basic needs for food, clothing, shelter, and medical treatment, the court "must determine whether the debtor has any additional funds available to make the necessary payments toward his student loans."[9]

The second prong, that the debtor's state of affairs is likely to persist, is a "demanding requirement" that is not fulfilled with a simple showing that the debtor is "currently in financial straits."[10] Rather, "the debtor must specifically prove a total incapacity in the future to pay his debts for reasons not within his control."[11] The "additional circumstances" contemplated by this prong comprise "circumstances that impacted on the debtor's future earning potential but which were either not present when the debtor applied for the loans or have since been exacerbated."[12]

As for the third prong, whether the debtor has made good faith efforts to repay the loans, a court must examine a debtor's efforts to obtain employment, maximize his income, and minimize his expenses. Factors to consider in determining whether a debtor has satisfied this prong include: 1) his pursuit of administrative remedies; 2) his effort to seek out loan consolidation options; and

---

[8] *In re Davis*, 373 B.R. 241, 248 (W.D. N.Y. July 19, 2007).

[9] *In re Jones*, 392 B.R. 116, 127 (Bankr. E.D. Pa. July 22, 2008) (citation omitted).

[10] *Gerhardt*, 348 F.3d at 92 (quotation omitted).

[11] *Id.* (footnote and quotation omitted).

[12] *Id.* (quotation omitted).

3) his payment history.[13]

Trial on the merits of this Complaint was held on December 10, 2015. Although counsel for both remaining defendants appeared, Dorsey did not. In fact, prior to the commencement of trial, Dorsey filed a Motion for Entry of Final Order requesting an adverse ruling against his interests "so that the Debtor may be cleared to appeal the matter . . . ."[14] The Court denied this request and confirmed the matter would be heard on the merits as scheduled.

The Court takes judicial notice of proofs of claim filed by DOE and ECMC for $65,577.57 and $171,316.66, respectively, which evidence the obligations owed by Dorsey, respectively, to DOE and ECMC. The Court finds that DOE is owed $65,577.57 and ECMC is owed $171,316.66 by Dorsey as of the Petition Date. Dorsey's failure to appear or offer any evidence in support of his Complaint leaves this Court no option but to deny his request for relief. Specifically, the Court finds:

1. Dorsey has failed to carry the burden of proof on his inability to maintain a minimum standard of living while paying any portion of the contested loans. Schedules I and J filed by Dorsey under penalty of perjury, reveal that he has $233.00 in monthly disposable income after paying all necessary expenses to maintain his household.[15] This sum allows him to make payments on his debt.[16]

---

[13] *Dorsey v. U.S. Dept. Of Educ.*, 528 B.R. 137, 146-47 (E.D. La. Feb. 26, 2015).

[14] P-299.

[15] *See* Case No. 13-10831, P-1, pp. 30 and 31.

[16] *See In re Kuznicki*, 483 B.R. at 301 (debtor's net income of approximately $150.00 per month was sufficient for debtor to pay $50.51 to his student loan creditor).

2. Dorsey has failed to establish that he suffers from a disability that impairs his ability to obtain and keep gainful employment. Dorsey has failed to identify the nature or extent of his alleged disability. He has also failed to provide any evidence of its affect on his ability to earn income now or in the future. In addition to Dorsey's complete lack of evidence in this regard, the Court also observes that Dorsey possesses considerable talent in researching legal issues, standards and advocacy. Throughout this process, he has demonstrated an ability to both read and interpret the Federal Register, case law and regulations pertaining to bankruptcy, student loan debt and trial advocacy. While not entirely correct in his interpretations, it is clear to this Court that he could, with guidance and direction, perform basic work in the legal field if not other business or office related pursuits.

3. Finally, Dorsey has also failed to supply any evidence of his attempts to repay his obligations or obtain administrative relief from his creditors. Despite repeated offers, Dorsey failed to apply for relief under voluntary relief programs maintained by both defendants.

Dorsey has steadfastly refused to produce any documentation with regard to his medical condition or inability to work. His position since the filing of this case has been nothing but conclusory robbing the defendants of their right to examine his unsupported assertions. Had Dorsey cooperated with the defendants or complied with the rules of discovery, this matter might have ended differently. However, this Court cannot award him any relief because he chose to hide all evidence of his underlying condition (to the extent it even exists) and its affect on his ability to repay these loans. As such, this Court cannot evaluate the assertions contained in his Complaint and Dorsey has failed to meet his burden of proof.

As a result, Dorsey's request for relief is DENIED.

A Judgment in Accord with this Opinion will be separately rendered.